## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-04973 EAG |
| IRAIDA HERNANDEZ PEREZ, | CHAPTER 7 |
| DEBTOR. | FILED & ENTERED ON 07/31/2013 |

### OPINION AND ORDER

The trustee's Urgent Motion to Reconsider Order Dismissing this Case, at docket number 63, is hereby granted.

Under Federal Rule of Civil Procedure 59(e), made applicable in this contested matter by Federal Rule of Bankruptcy Procedure 9023, the court reconsiders its order dismissing the captioned case at docket number 62 as a manifest error of law.  See Federal Deposit Ins. Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992) ("Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.").

The debtor's motion for voluntary dismissal, at docket number 61, failed to show cause for voluntary dismissal as required by section 707(a) of the Bankruptcy Code.   Although section 707(a) does not specifically provide for a voluntary dismissal filed by a debtor, "courts have routinely held that section 707(a) applies to such cases."  Smith v. Geltzer, 507 F.3d 64, 72 (2d Cir. 2007) (citations omitted).  Moreover, "a chapter 7 debtor has no absolute right to dismiss his petition but must instead show cause."  Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera), 557 F.3d 8, 13 n.7 (1st Cir. 2009).  In determining whether to grant a voluntary dismissal of a chapter 7, "cause exists by looking at 'whether the dismissal would be in the best

interest of all parties in interest.'"  Smith, 507 F.3d at 72 (quoting Dinova v. Harris (In re Dinova), 212 B.R. 437, 442 (B.A.P. 2d. Cir. 1997)); see also 6 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 707.03[3] (16th ed. 2013) ("Debtors are not generally permitted to dismiss cases over the objections of creditors or the trustee in order to refile to gain the benefit of exemptions that had been improperly claimed in the first case.").

In this case, the debtor admits that the purpose of the dismissal is to request the protection of the Puerto Rico Homestead Act. In seeking dismissal, the debtor is trying to circumvent the fact that her petition under chapter 7 was filed prior to the enactment of Puerto Rico Homestead Act.  This court finds that the dismissal is prejudicial to creditors since allowing the debtor to refile and claim the homestead exemption would reduce the proceeds from the sale of the residence that would otherwise be available for distribution to creditors. Therefore, the debtor failed to establish cause under section 707(a).

The trustee's urgent motion for reconsideration at docket number 63 is granted and the court vacates the dismissal order at docket number 62.

SO ORDERED.

In Ponce, Puerto Rico, this 31st day of July, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge

2